# (September 29, 1958)

■ FRANK DIETRICH, Respondent, v. LEO PEPPEL et al., Appellants.— Motion by appellant Peppel for leave to appeal to the Appellate Division denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ HENRY LEVINE, Appellant, v. SECURITY MUTUAL LIFE INSURANCE COMPANY, Respondent.— In an action by a former employee of respondent, to recover expenses allegedly incurred in the course of his employment, the appeal is from so much of an order on reargument as grants respondent's motion to examine appellant and a witness before trial. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ PHILIP FABRIZIO, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant. DOMINIC CARPENTIERRE, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant.— Motion for reargument granted. On reargument, the decision of this court handed down March 24, 1958 (5 A D 2d 884), is amended to read as follows: In a consolidated action by two motor vehicle passengers against its owner to recover damages for personal injuries, each answer contains two separate affirmative defenses alleging that section 29 of the Workmen's Compensation Law is a bar to the action because the operator of the motor vehicle was a fellow employee of the injured passengers. The appeal is from an order striking out those defenses as insufficient (Rules Civ. Prac., rule 109). Order affirmed, with $10 costs and disbursements. Appellant, if so advised, may serve an amended answer within 20 days after the entry of the order hereon invoking subdivision 6 of section 29 of the Workmen's Compensation Law. There is no allegation in the defenses presently under review that the passengers and the operator were engaged in the course of the business of their common employer at the time of the happening of the accident. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Application of WILLIAM MICHAEL HANNAFIN for Admission to the Bar.— Application for admission to the Bar denied upon the ground that the applicant has failed to furnish satisfactory proof that he is and has been an actual resident of the State of New York for not less than six months immediately preceding the making of such application for admission as required by paragraph (3) of subdivision (f) of rule 1 of the Rules of Civil Practice. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Estate for the City of New York, in the Counties of Sullivan and Orange. THEODORE M. RIEHLE, JR., et al., Respondents.— Motion to clarify and/or modify the decision of this court handed down June 30, 1958 (6 A D 2d 838) so as to make the same consistent with the decision at Special Term. Motion denied, without costs, and without prejudice to the movants, if they be so advised, to make such further application to the Special Term on papers which will fully disclose all the relevant facts or to commence such further proceedings as they may deem proper. In support of the motion, the movants have recited facts which do not appear to have been presented to the Special Term in the original proceeding and which were not presented to this court on the appeal. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.